## BAILEY v. WILLIAMSON.

### No. 3842.

Court of Civil Appeals of Texas. El Paso.

May 18, 1939.

Rehearing Denied June .15, 1939.

Ramey A. Smith, of Sulphur Springs, for plaintiff in error.

J. K. Brim, of Sulphur Springs, for defendant in error.

NEALON, Chief Justice.

M. C. Bailey sued B. T. Williamson for actual damages of $1,500, exemplary damages of $1,000, and $250 attorney's fees. The pleaded cause of action is based upon Williamson's alleged refusal to perform his obligations under a contract signed by both parties hereto, dated July 3, 1936, and (omitting formal recitals) reading as follows:

"I, M. C. Bailey, agree to sell an oil and gas lease on 107.08 acres of land part of the U. Aiguire Survey fully described in oil and gas lease dated May 30th, 1936, from M. C. Bailey to J. D. Spence, of record in Vol. 26, page 540, Oil and Gas Lease Records of Hopkins County, Texas, to B. T. Williamson for the sum of $1500 cash and to furnish certificate of title showing said land clear of debt, including taxes, said lease to be a regular 88 form lease for ten years calling for an annual rental of $1.00 per acre. I, M. C. Bailey agree to put in Sulphur Springs State Bank an Assignment of the above mentioned lease which is an undivided one-half interest with the understanding that should the said M. C. Bailey fail or refuse to deliver the other one-half lease that said assignment is to be turned over to the said B. T. Williamson as liquidated damages.

"I, the said B. T. Williamson, agree to purchase the above lease and to pay cash consideration within 48 hours after said lease and certificate of title is furnished, regardless of oil development."

Appellant tendered appellee an oil and gas lease and a certificate relating to title September 14, 1936. The title certificate was issued by M. C. Bailey Realty and Abstract Company, which was owned by appellant. This instrument, after certifying that M. C. Bailey was the record owner of the land involved, contained the following recitals:

"There is no indebtedness against the said 107–8/10 acres.

"We do not find any outstanding Mineral Deeds or Oil and Gas Leases, Royalty contracts, against said land.

"The taxes are all paid up to and including 1935.

"We find no abstracts of judgments, lis pendens notices or suits pending in the County or District Clerk's office of Hopkins County, Texas. * * *

"We make this certificate and same is accepted with the understanding that we believe our interpretation of the records to be true and correct. We assume no liability by reason of such interpretation."

The case was tried to a jury, which returned a negative answer to the following special issue: "Do you find from a preponderance of the evidence that the plaintiff, M. C. Bailey, complied with the terms of the agreement whereby he was to lease the 107 acres of land described in plaintiff's petition to the defendant for oil and gas purposes?"

Judgment was entered in favor of Williamson, and Bailey appealed.

## Opinion

Appellant urges but one assignment of error. It is in the following language: "The judgment is contrary to the law and the evidence and not supported by either, for the reason that the evidence fails to show any breach by the plaintiff, M. C. Bailey, and shows fully a breach thereof by the defendant, B. T. Williamson."

The contract declared upon was conditional. Before appellant could recover it was necessary for him to prove by undisputed evidence that he had performed his obligations, or, upon sufficient evidence, secure a jury finding to that effect. Since the contract does not specify the time at which plaintiff should deliver either the lease or the title certificate, an obligation to deliver within a reasonable time is implied. The date of the contract is July 3rd. Delivery of the lease and the certificate was tendered September 14th. The jury did not find, and we cannot say as a matter of law, that this was a tender within a reasonable time. The subject matter of the contract is the kind of property that is speculative in nature and subject to fluctuations in value. Nor can we say that the title certificate in which the abstracter refused to be responsible for the correctness of the recitals was sufficient compliance with the obligation to furnish a title certificate "showing said land clear of debt, including taxes." The issue submitted put in issue the entire question of performance. No objection was made to the manner or form in which it was submitted. No other issues were requested. The question of performance included issues of fact. The jury's judgment must control. The District Court did not err in entering a judgment that followed the verdict.

That judgment is affirmed.